UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN D. SMITH,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

CASE NO. 3:17-cv-05664-RJB-JRC

ORDER TO SHOW CAUSE

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner Jonathan Smith challenges his convictions for second degree assault and possession of methamphetamine. He alleges that his trial counsel misinformed him about his guilty plea, that he pled guilty because he was mentally coerced into doing so, and that trial counsel was ineffective for failing to reduce petitioner's bail. However, petitioner has not presented his arguments to any Washington courts before presenting them here. It appears that

all of his claims remain unexhausted. Therefore, the Court orders petitioner to show cause why his action should not be dismissed without prejudice to allow him to exhaust his state judicial remedies.

**BACKGROUND**

In 2016, petitioner pled guilty to one count of second degree assault and one count of possession of methamphetamine. Dkt. 5 at 1. He explains that he believes he received ineffective assistance of counsel, noting that he spent 353 days in jail and was visited by his attorney "less than a dozen times." *Id*. at 5. He notes that he has not raised either a direct appeal or a collateral attack, but instead filed a motion to dismiss with the Pacific County Superior Court before his conviction. Dkt. 5 at 3. He asks this Court to reverse his conviction and release him from custody "with credit for time served." *Id*. at 15.

**DISCUSSION**

Plaintiff raises four grounds for habeas relief. However, he failed to raise these grounds in the state courts before presenting them here. "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims are only exhausted after "the state courts [have been given] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, it appears that petitioner has not properly exhausted these claims. He has not given Washington state courts the opportunity to rule on any of his habeas claims because he has not

presented them in either a direct appeal or a personal restraint petition. Therefore, petitioner has not allowed the Washington state courts a full opportunity to review them. *Vasquez* 474 U.S. at 257. This Court will not review unexhausted claims. *Picard*, 404 U.S at 275.

**CONCLUSION**

Petitioner must file, **on or before October 27, 2017**, an amended petition under 28 U.S.C. § 2254 alleging facts, if any, showing that his grounds for relief have been properly exhausted in state court and otherwise showing cause why this matter should not be dismissed without prejudice. Alternatively, petitioner may show cause why this action should be *stayed* or *voluntarily dismissed without prejudice* to allow him to present his argument before the Washington courts. If the Washington courts decline to grant him relief and he properly exhausts his state options, he may return to this Court and file a new habeas petition.

Failure to timely comply with this Order will result in a recommendation that this action be dismissed without prejudice.

The Clerk shall send a copy of this order to petitioner and the Court's habeas corpus form petition for 28 U.S.C. § 2254 petitions.

Dated this 25th day of September, 2017.

J. Richard Creatura
United States Magistrate Judge