# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JONATHAN D. SMITH,

        Petitioner,

v.

DONALD HOLBROOK,

        Respondent.

CASE NO. 3:17-cv-05664-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: NOVEMBER 24, 2017

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner asks this Court to hear his habeas petition even though he has not exhausted his state court remedies. However, he requests, if the Court will not hear his petition now, and if the Court will not grant him a stay, that the Court allow him to voluntarily dismiss the petition and refile at a later date. Therefore, the Court recommends the Honorable Robert J. Bryan dismiss the

petition without prejudice and allow petitioner to refile his habeas petition once he has exhausted his state court remedies.

## BACKGROUND

Petitioner filed this petition for a writ of habeas corpus in August of 2017. Dkt. 1. Having reviewed his petition, this Court noted that petitioner had not exhausted his remedies in state court, and ordered petitioner to show cause why he had not exhausted his state remedies. Dkt. 6. Petitioner filed a response, stating that he chose not to file in state court because he believed the State would require him to withdraw his guilty plea and he would be forced into a lengthier term of confinement. Dkt. 7 at 1. He asks the Court to hear his petition, to stay his petition, or to allow him to voluntarily withdraw his petition so he may refile it after exhausting his state court remedies. Dkt. 7 at 1-2.

## DISCUSSION

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner's claims are only exhausted after "the state courts [have been given] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Finally, the Court may, but need not, grant a stay, as long as the granting of a stay is within the Court's discretion. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Here, petitioner has not yet exhausted his state court remedies. The Court may not rule on a habeas petition when the state courts have not been given a meaningful opportunity to consider

the underlying grounds for the petition. In addition, the Court has not yet ordered that petitioner's habeas petition be served on defendants. Therefore, in the interests of judicial economy, the Court declines to grant a stay and recommends that Judge Bryan grant petitioner's request to voluntarily withdraw his petition. The District Court should dismiss the petition without prejudice. Petitioner will then have the ability to refile when he has exhausted his state court remedies by providing each level of the state courts the ability to rule on his claims. Petitioner is reminded to pursue his state court remedies diligently in order not lose his right to file a federal claim, if that becomes necessary.

**CONCLUSION**

For the reasons above, the Court recommends that petitioner's habeas petition be dismissed without prejudice. Petitioner may then refile his habeas petition if he has made his claims at all levels of the state courts and if the state courts have denied him relief.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on **November 24, 2017**, as noted in the caption.

Dated this 30th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge